67 F.3d 306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Antonio GOMEZ-CRUZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70180.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 29, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oscar Antonio Gomez-Cruz, a native and citizen of Nicaragua, petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying his requests for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. Secs. 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105(a) and deny the petition for review.
 
 
 3
 Because the BIA clearly incorporated the IJ's decision, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision along with the BIA's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review for abuse of discretion the denial of asylum, and for substantial evidence the decision to deny the withholding of deportation. Kazlauskas v. INS, 46 F.3d 902, 905, 907 (9th Cir.1995). We will uphold the IJ's decision unless the applicant demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992).
 
 
 4
 To establish eligibility for asylum, Gomez-Cruz must show that he has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1158, 1101(a)(42); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993). Gomez-Cruz must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. "The objective component requires a showing by 'credible, direct, and specific evidence of facts showing a reasonable fear of persecution' " on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (quoting Shirazi-Parsa v. INS, 14 F.3d 1424, 1427 (9th Cir.1994)).
 
 
 5
 Gomez-Cruz contends the IJ's decision that he failed to establish past persecution or a well founded fear of persecution is not supported by substantial evidence. Gomez-Cruz claims past persecution and fear of future persecution because: (1) his father was a former military officer under the Somoza regime; (2) during his military service in the Sandinista army, he was harassed by his superior officer because of his father's Somoza affiliation; (3) he ultimately deserted the Sandinista army; and (4) he would be killed upon his return to Nicaragua because he is in possession of military secrets.
 
 
 6
 Here, substantial evidence supports the IJ's determination that Gomez-Cruz treatment by the Sandinistas did not rise to the level of persecution. See Ubau-Marenco v. INS, slip. op. 11049, 11059 (9th Cir. Sept. 5, 1995). Gomez-Cruz's assertion that he was harassed by Sandinista military officers because of his father's former position in the Somoza military is insufficient to establish a persecutory motive. See Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988). Given the evidence presented, we cannot say that "a reasonable factfinder would be compelled to conclude that [Gomez-Cruz] was subject to persecution." See Prasad, 47 F.3d at 339.
 
 
 7
 Furthermore, while Gomez-Cruz may have a subjective fear of persecution upon his return to Nicaragua, he did not present specific evidence to support an objectively reasonable, well-founded fear of persecution. See Prasad, 47 F.3d at 339; Kazlauskas, 46 F.3d at 906. First, the IJ found that due to the presence of the newly elected democratic government in Nicaragua, it is unlikely that Gomez-Cruz would face persecution upon his return. See Kazlauskas, 46 F.3d at 906 n. 3 (holding that fundamental political changes are highly relevant to the likelihood of future persecution). Second, the IJ noted that Gomez-Cruz's mother and siblings, who continue to reside in Nicaragua, have not been subject to persecution despite his father's former membership in the Somoza military. See Ubau-Marenco, slip op. at 11063 n. 4; Prasad, 47 F.3d at 339. Finally, Gomez-Cruz's assertion that he is in possession of military secrets is insufficient to show that he would be subject to "particularized individual persecution" apart from all other former members of the Sandinista army. See Prasad, 47 F.3d at 340; Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991); see also Arriaga-Barrientos, v. INS, 937 F.2d 411, 414 (9th Cir.1991) (holding that the military is not a social group qualifying its former servicemen for asylum).
 
 
 8
 Finally, because the standard for withholding of deportation is higher than the standard for a grant of asylum, and because Gomez-Cruz has failed to meet the lower standard for a grant of asylum, we affirm the BIA's denial of withholding of deportation. See Prasad, 47 F.3d at 340; Acewicz, 984 F.2d at 1062.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3